IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN DEAN BEALL, | ) | CASE NO. 4:12CV3241 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BILL BEALL, GS 17, REV BARBARA BEALL, ANN JOHNSON, and BRO CROUCH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 7, 2012. (Filing No. 1.) Plaintiff was previously given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

The body of Plaintiff's Complaint consists of one nonsensical paragraph. It reads:

one abused by Ann Johnson my teachers failed to apply Art 616 615 525 of La Childrens code be citifed certifyed in signs of complex torture. Mr Crouch and the foster Adoptice Lady. GS17 Beall had no health insepter for his under table Bussness and used children to sell his cheap product at a high turn around In short 3 legal name changes and no accountability. also Pro Help Desk accidentally filled out termination of child support

(Filing No. 1 at CM/ECF p. 2 (spelling and grammatical errors in original text).) Plaintiff also attached a greeting card to his Complaint, but he does not explain its significance or how it relates to his Complaint. (See Id. at CM/ECF pp. 7-8.)

II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss

a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III.  DISCUSSION OF CLAIMS

The court has carefully reviewed the Complaint and concludes that, even liberally construed, the Complaint is nonsensical. On the Pro Se Civil Complaint form, Plaintiff merely wrote "Employee" as his statement of the court's jurisdiction. (Filing No. 1 at CM/ECF p. 4.) On this same form, Plaintiff wrote "Break Triffic" as his statement of the relief he seeks. (Id. at CM/ECF p. 5.) In short, the Complaint fails to state any discernable basis for judicial relief. The court finds that permitting Plaintiff leave to amend the Complaint would be futile.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3